UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **IVY FLINDERS**,<br><br>        Plaintiff,<br><br>v.<br><br>**STATE OF UTAH,**<br><br>        Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:23-cv-00839<br><br>District Judge Howard C. Nielson<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff Ivy Flinders ("Plaintiff") commenced this action on November 15, 2023, by filing a complaint against Defendant State of Utah ("Defendant").[1] Along with the complaint, Plaintiff submitted the pending Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion").[2] On November 16, 2023, the Court issued an Order requiring Plaintiff, no later than November 30, 2023, to refile her IFP Motion utilizing the correct application form.[3] However, as of this date, Plaintiff has not re-filed her Motion using the correct application and the time within which to do so has expired.

**REPORT**

A civil action is commenced in federal district court "by filing a complaint."[4] The filing fee of $400.00 must also be paid at the time an action is commenced, unless a completed IFP

---

[1] ECF No. 2, Complaint Lodged.

[2] ECF No. 1, Motion for Leave to Proceed In Forma Pauperis.

[3] ECF No. 4, Docket Text Order. A copy of that Order was emailed to Plaintiff at the email address notated on the court docket.

[4] Fed. R. Civ. P. 3.

1

application is submitted to the court demonstrating a financial inability to pay.[5] Civil actions brought by an litigant seeking to proceed IFP are governed by 28 U.S.C. § 1915.

Under section 1915, a non-incarcerated plaintiff can proceed without payment of fees if the court finds that the plaintiff is indigent.[6] Proceeding IFP in a civil case "is a privilege, not a right."[7] The decision to grant or deny IFP status under section 1915 lies within the "sound discretion of the trial court."[8] To succeed on a motion to proceed IFP, a plaintiff must show a financial inability to pay the required filing fee.[9]

Here, the court recommends denying Plaintiff's request to initiate this case without payment of fees. Specifically, despite the court's direction, Plaintiff has failed to provide the proper application form without which the court cannot discern Plaintiff's eligibility to proceed IFP. While Plaintiff submitted an application, it appears to be an outdated Administrative Office document[10] that, for purposes of qualification, does not inquire into the same level of detail as required in this District.[11]

---

[5] 28 U.S.C. §§ 1914(a), 1915(a).

[6] *Lister v. Dep't. of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[7] *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).

[8] *Cabrera v. Horgas*, 173 F.3d 863, 863 (10th Cir. 1999).

[9] *Lister*, 408 F.3d at 1312; *see also United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006).

[10] ECF No. 1 at 1, AO 240 Short Form Application to Proceed in District Court Without Prepaying Fees or Costs. Rev: (07/10).

[11] Unlike the Administrative Office application form submitted by Plaintiff, this District inquires into an applicant's: (1) SNAP, Medicaid and SSI benefits; (2) average monthly income during the past twelve months; (3) average monthly income for the next twelve months; (4) average monthly expenses adjusted for any payments that are made weekly, biweekly, quarterly, semiannually or annually; (5)employment history; (6) spouse's employment history; (7) bank account funds; (8) assets owned by applicant; (9) assets owned by spouse; (10) identification of any person, business or organization owing the application or the applicant's spouse money; and (11) persons who rely upon the applicant for support.

**RECOMMENDATION**

Based on the information contained in Plaintiff's Motion to Proceed IFP, Plaintiff has not demonstrated a financial inability to pay the required filing fee and the court RECOMMENDS that the District Court DENY Plaintiff's Motion for Leave to Proceed IFP.[12]  If the District Court adopts this recommendation, the undersigned FURTHER RECOMMENDS that if Plaintiff wishes to proceed with this action then Plaintiff be ORDERED to pay the filing and administrative fees to the Clerk of Court within fourteen (14) days of the District Court's adoption of the undersigned's recommendation. Failure to do so will result in dismissal of the action without prejudice.

* * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of the right to object.[13] The parties must file any objection to the Report and Recommendation within fourteen (14) days after being served with a copy of it.[14] Failure to object may constitute waiver of objections upon subsequent review.

---

[12] ECF No. 1.

[13] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).

[14] *Id.*

DATED this 12th day of December, 2023.

BY THE COURT:

_____
Dustin B. Pead
United States Magistrate Judge